Submitted on record and briefs June 11, affirmed July 26, 1976

STATE OF OREGON, *Respondent,*
*v.*
ROBERT WILLIAM SANDERSFELD, *Appellant.*
(No. 75-607-C, CA 5718)
552 P2d 598

Donald M. Pinnock, Ashland, filed the brief for appellant.

Lee Johnson, Attorney General, W. Michael Gillette, Solicitor General, and Donald L. Paillette, Assistant Attorney General, Salem, filed the brief for respondent.

Before Schwab, Chief Judge, and Langtry and Fort, Judges.

SCHWAB, C. J.

.

## SCHWAB, C. J.

Defendant was charged with conspiracy to commit burglary in the second degree (ORS 161.450 and 164.215), burglary in the second degree (ORS 164.215) and theft in the first degree (ORS 164.055). He was found guilty by a jury verdict of the first two charges.

Defendant contends that remarks made by the prosecutor during closing argument were so prejudicial that he was denied his right to due process. Defendant also contends that he was denied this right by the introduction of evidence of prior crimes of which he had been convicted.

At his trial, one of defendant's accomplices, Terry Reid, testified against defendant. To establish Reid's credibility, the prosecutor argued to the jury:

"MR. BURROWS: There was no question asked at any time or any answer given that Mr. Reid has been involved in any other crimes.

"MR. CAUBLE [defense counsel]: I'll object, Your Honor.

"THE COURT: The objection is overruled.

"MR. BURROWS: There was no question asked of Mr. Reid when he took this stand, Mr. Cauble didn't ask him, 'Have you ever been convicted of any crime?' Mr. Reid was not asked that question, and I submit to you if Mr. Reid had been convicted of a crime before Mr. Cauble would have sure brought it out, because he wants you to distrust Mr. Reid, and that's one of the things you can use as a trier of fact as a jury to disregard a witness's testimony is whether or not they have been convicted of a crime, and it is very important to Mr. Cauble that Mr. Reid be appearing as dirty as possible, and I submit if that had been the case there would have been questions asked, but there weren't * * *."

This argument and defendant's objection must be considered in the context of the entire trial. We note that defendant's counsel made the following statements in his jury argument:

"Terry Reid, we would like to make some comments

about Terry Reid. The judge, of course, is going to instruct you that any accomplice's testimony must be viewed with distrust for obvious reasons * * *. Mr. Reid says no deal was made. Well, we don't know. We don't know what went on behind the scenes. We really don't know that, but we do know several things. One, Mr. Sandersfeld has been charged with three different crimes * * *. We know that Mr. Reid was charged with one crime. One offense. Logically his involvement in all of this was the same as Mr. Sandersfeld's. He participated in everything that happened. He was charged with one charge and quickly convicted and given probation. Ladies and gentlemen, you draw you own conclusions from that. You weigh that with Mr. Reid's testimony * * *."

■ It is reasonable to assume that the purpose of defense counsel's argument was to suggest to the jury that Reid's version of the facts was suspect because he had received favorable treatment from the state in exchange for his testimony against defendant. The trial court did not err by permitting the prosecutor to make the argument he did, in light of defense counsel's statements. In a similar situation we noted:

"* * * The counsel for defense had attacked the witness in argument. The remark of the prosecutor was in direct response to this argument and was within the limits of fair advocacy * * *." *State v. Oland,* 1 Or App 272, 279, 461 P2d 277 (1969), Sup Ct *review denied* (1970).

■ As far as defendant's other contention is concerned, it is enough to note that ORS 45.600 allows impeachment of an adverse witness by evidence that the witness has been convicted of a crime.[1] Defendant has not cited authority from any jurisdiction holding such a statute to be unconstitutional. At least one commen-

[1]ORS 45.600 provides:

"A witness may be impeached by the party against whom he was called, by contradictory evidence or by evidence that his general reputation for truth is bad or that his moral character is such as to render him unworthy of belief; but he may not be impeached by evidence of particular wrongful acts, except that it may be shown by his examination or by the record of the judgment, that he has been convicted of a crime."

tator has stated that it is "universally recognized that a witness may be impeached by evidence of prior convictions * * *." 4 S. Gard, Jones on Evidence 219, § 26.20 (1972). Furthermore, the Oregon Supreme Court recently observed:

> " 'Prejudice' is possible in both civil and criminal cases whenever a witness is impeached by the proof of conviction of any crime. However, the question of whether and how to limit the scope of permissible impeachment for prior conviction of crime is one of public policy. In this instance, the Oregon legislature not only has power to legislate but has adopted a statute on this subject. We can neither repeal nor amend that statute, but only endeavor to see that it is applied in accordance with the intent of the legislature." *Smith v. Durant,* 271 Or 643, 647, 534 P2d 955 (1975).

Affirmed.